UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60821-CIV-MARTINEZ-GOODMAN

ATMOS NATION, LLC, a
Nevada limited liability company, and
ATMOS TECHNOLOGY, LLC, a
Florida limited liability company,

    Plaintiffs,

vs.

ALL FUN GIFTS DISTRIBUTION, INC.,
a North Carolina corporation, et al.,

    Defendants.
_____/

## DECLARATION OF JAYSON REED MAGURA

I, Jayson Magura, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America as follows:

1. I am over the age of 18 and am otherwise *sui juris*.

2. I have personal knowledge of all matters stated herein.

3. I am the President and CEO of All Fun Gifts Distribution, Inc. ("AFG"), a company officially founded in 1999, and incorporated in North Carolina in 2009 with offices exclusively in Ashville, North Carolina. AFG is a wholesale manufacturer and distributor of smoking accessories and alternative lifestyle products.

4. I am a resident of North Carolina, since 1994.

5. I have been the owner of AFG since it was founded in 1999. Since its incorporation in 2009, I have been AFG's President and CEO.

6. The devices that Plaintiff alleges infringe its patents and trade dress are called the "Pulsar SuperNova," "Pulsar SuperNova Mini," "Pulsar Axis" and the "Buck Naked Elite" vaporizers (collectively referred to as the "AFG Products.").

7. AFG stopped selling the Pulsar SuperNova, Pulsar Axis and the Pulsar SuperNova Mini products in March 2015, Mach 2016 and May 2015, respectively. AFG no longer has any of these products in stock. The Buck Naked Elite vaporizers were discontinued in September 2015, however AFG continues to sell the remaining inventory of this product.

8. In the short period of time that the AFG products were being sold, it generated total sales of $275,873.98.

9. A mere $19,548.08, or just 7%, of the total revenues related to sales of the AFG Products were to retailers located in Florida. This represents less than 1% of the company's overall sales during that time of nearly 8,000 products.

10. AFG has never been licensed or registered to do business in Florida.

11. AFG has never had a physical office or mailing address in Florida.

12. AFG has never had any employees in Florida and has never trained any of its employees in Florida.

13. AFG has never operated a retail store in Florida.

14. AFG has never been required to pay taxes in Florida.

15. AFG has never filed a lawsuit in Florida.

16. AFG has never owned or leased any real estate in Florida.

17. AFG has never held any bank accounts in Florida.

18. AFG has never warehoused or stored inventory in Florida.

19. AFG has never directed advertising or marketing at Florida.

20. AFG has never purchased advertising space in a Florida newspaper.

21. AFG has never contracted with an internet service provided located in Florida.

22. AFG has never directed its sales activities specifically at Florida, nor has it ever targeted sales efforts specifically at Florida residents.

23. AFG has never purchased goods or services from entities or individuals located within Florida.

24. AFG has not engaged in tortious conduct in Florida, whether by patent infringement or otherwise.

25. Jayson Magura has never resided in Florida;

26. Jayson Magura has never operated or engaged in a business or business venture in Florida;

27. Jayson has never had any bank accounts or owned any real property in Florida.

28. The sales figures I referenced above were derived from my review of AFG's business records.

29. I am familiar with the record keeping systems and processes employed by AFG to record and create information related to its sales. I also am aware of how the data contained in the record keeping systems is produced and uploaded into the system.

30. I am familiar with the systems of record in which AFG's employees enter data related to sales on those systems, and have knowledge that the data entry personnel enter the information into the system at or near the time they acquire that knowledge. These computerized business records are created and maintained in the regular course of AFG's business and AFG relies on those business records in the ordinary course to conduct its business.

31. AFG's electronic business records are accessible by computer for review by myself and other similarly situated employees of AFG.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __17__ day of June 2016.

_____
Jayson Magura