**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-60821-CIV-MARTINEZ-GOODMAN**

ATMOS NATION, LLC, a
Nevada limited liability company, and
ATMOS TECHNOLOGY, LLC, a
Florida limited liability company,

Plaintiffs,

vs.

ALL FUN GIFTS DISTRIBUTION, INC.,
a North Carolina corporation, et al.,

Defendants.
_______________________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS MOTION TO DISMISS**

Plaintiff, ATMOS NATION, LLC, a Nevada Limited Liability Company, and ATMOS TECHNOLOGY, LLC, a Florida Limited Liability Company (collectively "Atmos") by and through its undersigned counsel, hereby submits its opposition to Defendants, ALL FUN GIFTS DISTRIBUTION, INC., d/b/a BuckNaked Ecigs and Pulsar Vaporizers, and JAYSON REED MAGURA ("Defendants"), Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim. For the reasons set forth below, Plaintiff submits that Defendants Motion should be denied.

## II. TABLE OF CONTENTS


INTRODUCTION……………………………………………………………………………………1

TABLE OF CONTENTS……………………………………………………………………………i

TABLE OF AUTHORITIES ………………………………………………………………………ii

BACKGROUND……………………………………………………………………………………2

ARGUMENT………………………………………………………………………………………2

I. DEFENDANTS CLEARLY DO BUSINESS OVER THE INTERNET , AND UNDER ZIPPO, THIS COURT CAN ASSERT PERSONAL JURISDICTION OVER ALL DEFENDANTS IN COMPLIANCE WITH FLORIDA'S LONG ARM STATUTE AND THE SUPREME COURT'S MINIMUM CONTACTS REQUIREMENT………………2
   a. Florida's Long-arm statute does not require a Defendant to have committed a tortious act while physically present in the forum state……………………………3
      i. *Florida's Long-Arm Statute – 48.193(1)(a)(2)* …………………………3
   b. All Defendants clearly do business over the internet and should be subjected to personal jurisdiction in Florida by virtue of minimum contacts with the State ….4
      i. *Defendants have purposefully availed themselves of doing business in Florida*………………………………………………………………………4
      ii. *It is fair and reasonable to subject Defendants to personal jurisdiction in Florida*………………………………………………………………………6

II. PLAINTIFFS TRADE DRESS CLAIMS HAVE BEEN SUFFICIENTLY PLED TO SURVIVE A 12(B)(6) MOTION
   a. Trade dress……………………………………………………………………7
   b. FDUPTA…………………………………………………………………………8
   c. False designation of origin………………………………………………………8
   d. False advertising…………………………………………………………………9
   e. Unjust enrichment………………………………………………………………9

CONCLUSION……………………………………………………………………………………10

**CASES**

*Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc*., 988 F.2d 1157, 2 USPQ2d 1038, 1041 (Fed. Cir. 1993)……………………………………………………………...….6
*Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994)………...................................6
*Ambrit, Inc. v. Kraft, Inc*., 812 F.2d 1531, 1540 (11th Cir. 1986)……………………………...7
*Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc*., 973 F.2d 1033, 1044 (2d Cir. 1992)……….7
*Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010)………………………………………...6
*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) ………………………………6
*Grillasca v. Amerada Hess Corp.*, No. 8:05-cv-1736-T-17TGW, 2006 WL 3313719, at *4 (M.D. Fla. Nov. 14, 2006)… ……………………………………………………………………………8
*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)… ……………………………………..6
*Internet Solutions Corp v. Marshall*, 39 So. 3d 1201, 1206 n.6 (Fla. 2010)… ……………………2
*Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969)… ………………………..6
*John H. Harland Co. v. Clarke Checks, Inc*., 711 F.2d 966, 982 (11th Cir. 1983) ………………..7
*Magulta v. Samples*, 375 F.3d 1269, 1274-75 (11th Cir. 2004) …………………………………6
*Office of Attn'y Gen., Dep't of Legal Affairs v. Tenet Healthcare*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005)… ………………………………………………………………………………8
*Posner v. Essex Ins. Co.*, 178 F. 3d 1209, 1216-17 (11th Cir. 1999)… ……………………………3
*Sicilia Di R. Biebow*, 732 F.2d 417, 432 (5th Cir. 1984)… ………………………………………….7
*Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F. 2d 1030, 1033-34 (11th Cir. 1991)… ……………..3
*Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004) …………………8
*Two Pesos, Inc. v. Taco Cabana, Inc.*, 112 S.Ct. 2753 (1992)… ………………………………….7
*University of Colorado Found. v. American Cyanamid*, 880 F. Supp. 1387 (D. Colo. 1995)…9
*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)… …………………4

**STATUTES**

1. § 48.193, Fla. Stat. (2015)…………………………………………….……… …………..3

## BACKGROUND

On June 17, 2016, Defendants filed its Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim [D.E. 11] ("Motion"). In its Motion, Defendants attempt to contest personal jurisdiction for several reasons including Defendants' failure to commit a tortious act in Florida and its alleged "de minimis" sales to Florida, which should not subject them to personal jurisdiction. Defendant also attempts to argue that a majority of Plaintiff's Verified Complaint for Damages and Permanent Injunctive Relief [D.E. 1] is insufficiently pled.

## ARGUMENT

### I. DEFENDANTS CLEARLY DO BUSINESS OVER THE INTERNET AND UNDER *ZIPPO*, THIS COURT CAN ASSERT PERSONAL JURISDICTION OVER ALL DEFENDANTS IN COMPLIANCE WITH FLORIDA'S LONG ARM STATUTE AND THE SUPREME COURT'S MINIMUM CONTACTS REQUIREMENT

In *Hanson v. Denckla*, 357 U.S. 235 (1958), the Supreme Court noted that "[a]s technological progress has increased the flow of commerce between [s]tates, the need for jurisdiction has undergone a similar increase." The Supreme Court also observed that jurisdiction cannot be avoided "merely because the defendant did not physically enter the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985).

Florida courts have thus far adopted the view that personal jurisdiction, whether general or specific, does not fundamentally change when the internet is involved in the controversy. *Caiazzo v. American Royal Arts Corp.*, 73 So. 3d 245, 255 (Fla. 4th DCA 2011). (the traditional minimum contacts analysis applies in personal jurisdiction questions, whether or not the Internet is involved); *Internet Solutions Corporation v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010); *Renaissance Health Publishing, LLC v. Resveratrol Partners, LLC*, 982 So. 2d 739, 741 (Fla. 4th DCA 2008) (The responding litigant's physical presence in the state is not required

to commit a tortious act under the long-arm statute and the exercise of long-arm jurisdiction satisfies due process when the responding litigant purposefully directs activities to Florida and litigation arises from those activities or if the responding litigant purposefully avails himself or herself of the privilege of conducting activities in Florida.)

a. **Florida's Long-arm statute does not require a Defendant to have committed a tortious act while physically present in the forum state**

i. *Florida's Long-Arm Statute – 48.193(1)(a)(2)*

48.193(1)(a)(2) of the Florida Statutes states that "A person, whether or not a citizen or resident of this state, who personally or through an agent [commits a tortious act within the state] thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for [that tortious act]."

In *Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002), the Florida Supreme Court provided that "in order to commit a tortious act in Florida, a defendant's physical presence is not required."

An act or omission outside Florida that causes injury in Florida confers jurisdiction under § 48.193(1)(a)(2). *See, e.g., Posner v. Essex Ins. Co.*, 178 F. 3d 1209, 1216-17 (11th Cir. 1999) (stating that the Eleventh Circuit would accept whatever interpretation the Florida Supreme Court adopted); *Internet Solutions Corp v. Marshall*, 39 So. 3d 1201, 1206 n.6 (Fla. 2010); *see also Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F. 2d 1030, 1033-34 (11th Cir. 1991) (noting [t]his court's predecessor held that jurisdiction under § 48.193(1)(a)(2) was not limited to a situation where an act in Florida caused an injury in Florida but also . . . reached the situation where a foreign tortious act caused injury in Florida).

When Defendants sold products that infringed on Plaintiffs patents directly to Florida, a tortious act was committed in Florida. As a result of the infringement, Atmos was, and continues

to be damaged. Even though Defendants have allegedly stopped selling the infringing product, the damage that has been done is irreversible. As a result of the foregoing, the first-prong of a personal jurisdiction analysis, the state's long arm-statute, has been fulfilled.

b. **All Defendants clearly do business over the internet and should be subjected to personal jurisdiction in Florida by virtue of its minimum contacts with the State**

i. *Defendants have purposefully availed themselves of doing business in Florida*

The seminal federal case addressing the Internet's impact on the jurisdictional due process analysis is *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

The court, in *Zippo*, noted, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. *Id.* In Zippo, the court outlined a sliding scale test to determine whether to assert jurisdiction over a nonresident defendant in an Internet context. *Id.* This sliding scale test looks to a website's characteristics to place the website on a spectrum of interactivity. *Id.* On one end of the spectrum is a "passive" website in which "a defendant has simply posted information on an Internet [website] which is accessible to users in foreign jurisdictions." *Id.* On the other end of the spectrum are active "situations where a defendant clearly does business over the Internet. *Id.* When a responding litigant purposefully avails itself of doing business in a state by doing business over the Internet and into that state, that responding litigant can be subject to personal jurisdiction in that state.

Defendant AFG engages in business under the name "All Fun Gifts" (afgdistribution.com) and the trade names "Pulsar Vaporizers" (pulsarvaporizers.com) and "Buck Naked E-Cigarettes" (bucknakedecigs.com), all which are under the direction and control of President and CEO of AFG, Jayson Reed Magura. Each of these websites are wholly-online

distributors with no ascertainable in-person locations, even in AFG's place of incorporation, North Carolina.

**AFGdistribution.com**

Defendants' websites are clearly active. When visiting Defendant AFG's corporate website, afgdistribution.com, a "Mission Statement" can be found on the site which states:

> Our goal is to be the One Stop Alternative Wholesaler, providing our customers with the best range of products in the industry and keeping up with current trends and cutting-edge new products. We strive to combine our vast line of alternative merchandise with friendly, knowledgeable customer service and a staff that is fully committed to serving our customers' needs first and foremost.

showing that Defendant clearly has the intention to "serve customer needs", likely through a customer's purchase of one of Defendants' products. Customers can create accounts, join newsletters, and even make wholesale purchases online.

**Pulsarvaporizers.com**

On the AFG subsidiary (Pulsar Vaporizers) website, pulsarvaporizers.com, the words "FREE U.S. SHIPPING" are clearly found at the top of the website. Not only does this prove the company is doing business over the internet, it also implies that they are willing to ship to any of the 50 states. Defendants have not limited their sales to any particular region or area. Users are also able to interact with the website by creating personal accounts and purchasing wholesale.

**Bucknakedecigs.com**

Like the AFG corporate website and Pulsar Vaporizer website, Bucknakedecigs.com allows customers to create accounts and purchase directly from the website to wherever they are located.

The common denominator here is that in all the above-noted websites, the purchases are also completed online. Defendants' activities demonstrate that it purposefully directed its products to be sold to any state, including Florida, and should be subjected to litigation in Florida for the illegal acts arising out of its sales.

ii. *It is fair and reasonable to subject Defendants to personal jurisdiction in Florida*

As a result of Defendants minimum contacts with Florida, all Defendants could reasonably be expected to be haled into court in Florida. Therefore, maintenance of such action against all Defendants in this matter would not offend "traditional notions of fair play and substantial justice" in light of said minimum contacts with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## II. PLAINTIFFS TRADE DRESS CLAIMS HAVE BEEN SUFFICIENTLY PLED TO SURVIVE A 12(B)(6) MOTION

It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on 12(b)(6) motions to dismiss[.] *Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010); *Magulta v. Samples*, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety). In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007); *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969).

Whether a plaintiff can actually prove its allegations is a matter to be determined not upon motion to dismiss, but rather at final hearing or upon summary judgment." *Advanced*

*Cardiovascular Systems Inc. v. SciMed Life Systems Inc*., 988 F.2d 1157, 2 USPQ2d 1038, 1041 (Fed. Cir. 1993).

**a. Trade dress**

The United States Supreme Court in *Two Pesos, Inc. v. Taco Cabana, Inc*., 112 S.Ct. 2753 (1992), held that inherently distinctive trade dress is protectable without proof of secondary meaning. The issue of [trade dress] functionality is a question of fact [to be determined by a jury]. *John H. Harland Co. v. Clarke Checks, Inc*., 711 F.2d 966, 982 (11th Cir. 1983).

The degree of similarity, also referred to as similarity of design, involves simply a visual, side-by-side comparison of the two trade dresses. *Sicilia Di R. Biebow*, 732 F.2d 417, 432 (5th Cir. 1984). The degree of similarity factor has been described as "really nothing more than a subjective eyeball test." *Ambrit, Inc. v. Kraft, Inc*., 812 F.2d 1531, 1540 (11th Cir. 1986). Thus, the degree of similarity is not measured by how many features are similar but by whether the two trade dresses "create the same general overall impression." *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc*., 973 F.2d 1033, 1044 (2d Cir. 1992).

Defendant claims that Plaintiff "never allege[d] with specificity that their trade dress has become distinctive through secondary meaning." Defendant also claims that Plaintiff did not "differentiate the unprotected functional features from the protected ornamental ones." In light of the above noted case law, Defendant's claims hold no merit. Secondary meaning need not be proved nor is trade dress functionality one to be decided without a jury.

Defendant also claims that Plaintiff failed to allege how the parties trade dresses are confusingly similar. Defendants' attempt to challenge the merits of the Complaint—whether the parties trade dresses are confusingly similar—is wholly improper for a motion to dismiss.

**b. <u>FDUTPA</u>**

Finally, Defendant argues that is unsure as to whether Plaintiffs Federal Deceptive and Unfair Business Practices count is based on trade dress or patent infringement.

To satisfactorily state a FDUTPA claim, a plaintiff must plead ultimate facts which establish that the plaintiff was aggrieved by an unfair, unconscionable, or deceptive act or practice committed by a defendant in the course of trade or commerce. *see Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004); *In Re Crown Auto Dealerships, Inc.*, 187 B.R. 1009, 1018 (Bankr. M.D. Fla. 1995).

To recover FDUTPA damages, the plaintiff must allege not only that the complained-of conduct was unfair, unconscionable, or deceptive, but also that the plaintiff was aggrieved by this conduct. see *Grillasca v. Amerada Hess Corp.*, No. 8:05-cv-1736-T-17TGW, 2006 WL 3313719, at *4 (M.D. Fla. Nov. 14, 2006); *Office of Attn'y Gen., Dep't of Legal Affairs v. Tenet Healthcare*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005).

Plaintiff met its burden when it alleged that Defendants conduct cited throughout the Verified Complaint were “designed to deceive the public.” [DE 1 ¶ 87]. Plaintiff also claimed that due to the cited conduct, Plaintiff was damaged. There is nothing in the Florida statute nor any case law that requires the conduct be alleged separately with each count. Defendants were put on notice of all infringing activity in Plaintiff’s Verified Complaint. Defendant’s claims are once again meritless.

**c. <u>False designation of origin</u>**

Defendants’ argues that Plaintiff never identified any “marks” throughout the pleading, specifically its false designation of origin claim. Defendant then proceeds to go into a trademark analysis under § 1125. Defendant failed to recognize that “mark” or “marks” is actually in

reference to "nontraditional marks", often known as "trade dress." Plaintiff acknowledged its trade dress in the pleading. Therefore, Defendants argument is irrelevant.

**d. <u>False advertising</u>**

Defendant's attack of Plaintiffs false advertising claim again attempts to challenge the merits and is inappropriate for a motion to dismiss. Determining whether Defendant's advertising is false is a question of fact suitable for a jury. Moreover, Plaintiff sufficiently pled that Defendant's false advertising had a material effect on Plaintiffs business: "By engaging in the activities described above, Defendants have made and is making false, deceptive and misleading statements constituting false representations and false advertising . . . [and that] Defendant acts of unfair competition and false advertising have caused irreparable injury to ATMOS' goodwill and reputation in an amount that cannot be ascertained at this time . . . ." DE 1 ¶ 82, 83. Therefore, Defendants' argument is groundless.

**e. <u>Unjust enrichment</u>**

In *University of Colorado Found*. *v. American Cyanamid*, 880 F. Supp. 1387 (D. Colo. 1995), the Court found that the district court had not abused its discretion by ordering Cyanamid to disgorge incremental profits directly attributable to its misconduct, patent infringement.

Plaintiff, in its Verified Complaint, pled for this Court to require Defendants to "disgorge all monies, profits, and gains which they have obtained or will unjustly obtain in the future at the expense of ATMOS . . . ." Defendants received more than an incremental benefit, over that compensable by patent laws, when it infringed on Plaintiffs patents.

The issue of how much incremental profit is directly attributable to Defendants' misconduct is again a question of fact to be determined by a jury. Therefore, Plaintiffs unjust enrichment claim should not be preempted by federal law.

## CONCLUSION

Based upon the foregoing, Defendants have subjected themselves to personal jurisdiction in the State of Florida by virtue of their minimum contacts with the State. Plaintiff has also met its burden of sufficiently pleading its claims under Rule 8. Defendants Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim should therefore be denied.

Date: July 5, 2016

Respectfully submitted,

__________________________

Divya Khullar, Esq.
Florida Bar No. 0101116
**USAPatents.com**
4786 W. Commercial Blvd.
Tamarac, Florida 33319
Phone: (954) 642-2308
Fax: (754) 999-7057
dkhullar@usapatents.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned counsel filed the foregoing with the Clerk of the Courts for the Southern District of Florida using the CM/ECF system on this Tuesday, July 05, 2016 and forwarded to Matthew Nelles, Esq., Counsel of Record for Defendants at mnelles@broadandcassel.com